IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNY JOHN SEAL,<br><br>Defendant. | CR 12-114-BLG-SPW<br><br>ORDER DENYING MOTION<br>FOR EARLY TERMINATION<br>OF SUPERVISION |

On January 4, 2022 Mr. Seal filed a motion for early termination of his supervised release. (Doc. 50.) The United States objected to the motion and filed its response on January 18, 2022. (Doc. 52.)

Mr. Seal was sentenced on February 20, 2015 for a violation of 21 USC Section 846. He was sentenced to the custody of the United States Bureau of Prisons for a period of 78 month, followed by a term of four years of supervised release. Mr. Seal began his term of supervised release on March 3, 2020. Mr. Seal has had no formal revocations or violations of his supervised release.

18 U.S.C. § 3583(e) provides a court may, after considering several factors from § 3553(a), terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Court looks at "the nature and circumstances of the offense and the

history and characteristics of the defendant"; the need "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; the advisory Guideline range; any pertinent policy statement issued by the Sentencing Commission; sentencing disparities; and any outstanding restitution obligations. Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). Most often, courts reserve early termination for defendants who exhibit "exceptionally good behavior" while on release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997) (cited in *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (unpublished)).

At the time of Mr. Seal's sentencing, he had accumulated 26 criminal history points and was a criminal history category VI and then some, according to the Presentence Report. (Doc. 46) The applicable guideline range was 151-188 months imprisonment with four years of supervised release to follow. The United States and Mr. Seal had entered into a binding plea agreement which called for a sentence of 78 months imprisonment. (Doc. 32) Given Mr. Seal's criminal history and his guideline range, the Court nearly rejected the binding plea agreement. (Statement of Reasons, Doc. 45) The Court did ultimately decide to accept the binding plea

agreement and sentenced Mr. Seal to 78 months imprisonment.

Mr. Seal received a tremendous break at sentencing. He has yet to serve even 50% of his supervised release term.

After reviewing the nature and circumstances of the offense, Mr. Seal's criminal history and his history while on supervision, the factors under 18 U.S.C. § 3553(a), and pursuant to 18 U.S.C. § 3583(e), the Court finds early termination of Mr. Seal's supervised release would be inappropriate. Mr. Seal is certainly making strides toward improving his life and moving on from his past criminal conduct; the Court commends him for that effort. However, given the serious nature of Mr. Seal's underlying crime and his very significant criminal history, the Court is not prepared to terminate his supervision at this time. Accordingly,

IT IS HEREBY ORDERED that the Mr. Seal's motion (Doc. 50) is DENIED.

The Clerk shall notify the parties and the U.S. Probation Office of this Order.

DATED this 3rd day of February, 2022.

SUSAN P. WATTERS
United States District Judge